United States District Court
Eastern District of California

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUARDO LUIS LOYO DURAN,<br>Petitioner,<br>v.<br>WARDEN OF CETRNAL VALLEY ANNEX, *et al*.,<br>Respondents. | Case No. 1:26-cv-06127-NW<br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br>Re: ECF Nos. 1, 4 |

Petitioner filed the instant Petition for Writ of Habeas Corpus (ECF No. 1), along with a motion for a temporary restraining order (ECF No. 4), seeking release from the custody of U.S. Immigration and Customs Enforcement ("ICE"). The petition raises claims that are functionally identical to those this Court, and many others within this district, have already addressed in prior orders. Fleeing Venezuela, Petitioner entered the United States on November 6, 2023, and was taken into custody by the Department of Homeland Security ("DHS"). ECF No. 1 ¶ 42. He was subsequently released and paroled into the country to pursue an asylum claim. *Id*. ¶ 44. On April 4, 2026, ICE received an alert from the Fort Worth Police Department that Petitioner was in custody for an arrest related to assault of a family member. ECF No. 8-1 at 2. Petitioner was transported from police to ICE custody on June 11, 2026. *Id*. at 4.

Many prior orders within this district and throughout the Ninth Circuit are dispositive on the issues raised in the Petition and motion for a temporary restraining order. *See, e.g., Fernandez Lopez v. Wofford*, No. 1:25-CV-01226-KES-SKO (HC), 2025 WL 2959319 (E.D. Cal. Oct. 17, 2025); *R.A.N.O. v. Wofford*, 820 F. Supp. 3d 1094 (E.D. Cal. 2026); *Omer G. G. v. Kaiser*, 815 F. Supp. 3d 1098 (E.D. Cal. 2025); *Marin v. Warden of Golden State Annex*, No. 1:26-CV-04316 (VC), 2026 WL 1871026 (E.D. Cal. June 29, 2026); *Maldonado Rojas v. Warden of the Golden*

*State Annex*, No. 1:26-CV-04315-NW, 2026 WL 1871025 (E.D. Cal. June 29, 2026); *Ji v. Noem*, No. 1:26-CV-01186-DJC-CSK, 2026 WL 485287 (E.D. Cal. Feb. 20, 2026); *Noori v. LaRose*, 807 F. Supp. 3d 1146 (S.D. Cal. 2025); *Rodriguez Cabrera v. Mattos*, 808 F. Supp. 3d 1159 (D. Nev. 2025). For the reasons stated in those cases, Petitioner is entitled to partial relief. Respondents have not provided Petitioner with an opportunity to be heard, as required by the Fifth Amendment Due Process Clause, prior to revoking his release. *See R.A.N.O.*, 820 F. Supp. 3d at 1103 (finding protected liberty interest where petitioner was previously released on parole under § 1182(d)(5)(A)). Applying the balancing test described in *Mathews v. Eldridge*, 424 U.S. 319 (1976), the Court finds that Petitioner has a substantial private interest in his freedom, the risk of erroneous deprivation here is considerable, and Respondents' interest in detaining Petitioner without a bond hearing is low as the effort and costs required to provide Petitioner with procedural safeguards are minimal.

Respondents filed an opposition on August 7, 2026. *See* ECF No. 8. Their sole argument in opposition is that Petitioner may be mandatorily detained under 8 U.S.C. § 1225(b)(2). *Id*. at 1. This argument has been rejected by countless courts throughout this circuit, and the Court does the same here. *See, e.g., R.A.N.O.*, 820 F. Supp. 3d at 1103 (explaining that Petitioner still retained a protected liberty interest, and was entitled to due process when re-detaining petitioner); *Fernandez Lopez*, 2025 WL 2959319 at *4 (similar); *Rodriguez Cabrera*, 808 F. Supp. 3d at 1169 (noting that courts have overwhelmingly rejected this application of § 1225).

But the Court finds that release under these circumstances is not appropriate given that Petitioner was taken into ICE custody following an arrest for assault. Under these circumstances, "providing Petitioner with notice and a pre-deprivation hearing [prior to detention] would have been impracticable and/or would have motivated his flight." *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT-SKO, 2025 WL 3265446, at *12 (E.D. Cal. Nov. 24, 2025) (collecting cases ordering bond hearings, rather than release, under similar circumstances).

Accordingly, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus is GRANTED in part. Petitioner SHALL be provided a substantive bond hearing within fourteen (14) days. Petitioner may request to move the hearing to a later date. At any such hearing, the

United States District Court
Eastern District of California

Government SHALL bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner SHALL be allowed to have counsel present. The Clerk of the Court is directed to close this case and enter judgment for Petitioner.

**IT IS SO ORDERED.**

Dated: August 11, 2026

Noël Wise
United States District Judge